IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION


EOD
10/11/2017

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **DELL EDWARD JAMES, II** | § | |
| xxx-xx-0176 | § | Case No. 16-40752 |
| **and MIKI LU JAMES** | § | |
| xxx-xx-3609 | § | |
| | § | |
| | § | |
| Debtors | § | Chapter 7 |

| | | |
|---|---|---|
| STATE BAR OF TEXAS | § | |
| CLIENT SECURITY FUND | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Adversary No. 16-4075 |
| | § | |
| DELL EDWARD JAMES II and | § | |
| MIKI LU JAMES | § | |
| | § | |
| Defendants | § | |

## **MEMORANDUM OF DECISION**

ON THIS DATE the Court considered the Motion for Summary Judgment filed by the Plaintiff, the State Bar of Texas Client Security Fund ("Plaintiff"), in the above-referenced adversary proceeding and the response in opposition to the Motion filed by the Defendants, Dell Edward James II and Miki Lu James, in the above-entitled adversary proceeding ("Defendants" or "Debtors"). The complaint in this action alleges that a judgment debt based upon a restitution award allegedly owed to the Plaintiff by the Defendants should be excepted from the Defendants' Chapter 7 discharge pursuant to 11

U.S.C. § 523(a)(7). The following memorandum of decision disposes of all issues before the Court.[1]

*Summary Judgment Standards and Process*

Pursuant to Fed. R. Bankr. P. 7056, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.[3] The manner in which the necessary summary judgment showing can be made depends upon which party will bear the burden of persuasion at trial. If, as in this case, the burden of persuasion at trial is on the moving party, "that party must support its motion with credible evidence--using any of the materials specified in Rule 56(c)--that would entitle it to a directed verdict if not controverted at trial."[4]

---

[1] This Court has authority to enter a final judgment in this adversary proceeding since it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I) and (O) and meets all constitutional standards for the proper exercise of full judicial power by this Court.

[2] *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)).

[3] *Id.* at 323.

[4] *Id.* at 331 (Brennan, J., dissenting); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991).

If a summary judgment motion is properly supported, a party opposing the motion may not merely rest upon the contents of its pleadings, but rather must demonstrate in specific responsive pleadings the existence of specific facts constituting a genuine issue of material fact for which a trial is necessary.[5] In so demonstrating, the non-movant must show more than a "mere disagreement" between the parties,[6] or that there is merely "some metaphysical doubt as to the material facts."[7] Neither are unsubstantiated, conclusory assertions in the response sufficient to raise a genuine issue of material fact.[8] However, "[t]he issue of material fact which must be present in order to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."[9]

The record presented is reviewed in the light most favorable to the non-moving party.[10] "Where the record taken as a whole could not lead a rational trier of fact to find

---

[5] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986) (citing FED. R. CIV. P. 56(e)).

[6] *Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1413 (5th Cir. 1993).

[7] *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

[8] *Jacobs v. City of Port Neches,* 7 F.Supp.2d 829, 833 (E.D. Tex. 1998) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

[9] *Anderson*, 477 U.S. at 248-49.

[10] *Matsushita,* 475 U.S. at 587.

for the non-moving party, there is no 'genuine issue for trial.'"[11] Further, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248.

The Defendants have admitted the following material facts asserted by the Plaintiff:

1. Plaintiff State Bar of Texas Client Security Fund is a governmental unit in that it is an agency of the State of Texas administered by the Supreme Court of Texas.[12]

2. Defendants Dell James II and Miki Lu James are individuals and debtors in their underlying bankruptcy case.

3. Defendant Dell James II has been disbarred and is not licensed to practice law as an attorney in the State of Texas.

---

[11] *Id.* at 587 (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)).

[12] The authority to regulate the practice of law in Texas belongs exclusively to the Texas Supreme Court. *In re Dow*, 481 S.W.3d 215, 224 (Tex. 2015). The Texas Rules of Disciplinary Procedure govern the attorney-disciplinary process and are to be treated as statutes. *In re Caballero*, 272 S.W.3d 595, 599 (Tex. 2008) (citing *O'Quinn v. State Bar of Tex.*, 763 S.W.2d 397, 399 (Tex. 1988)). As described in one recent Texas case,

> The [Texas Supreme] Court has the constitutional and statutory responsibility to maintain appropriate standards of professional conduct and to dispose of individual cases of lawyer discipline. The Supreme Court has delegated the responsibility for administering and supervising lawyer discipline and disability to the Board of Directors of the State Bar of Texas. The Board is vested with authority to adopt rules of procedure and administration consistent with the Texas Rules of Disciplinary Procedure. *Id*. The Commission for Lawyer Discipline (the Commission) is a permanent committee of the State Bar of Texas. Each attorney admitted to practice in Texas is subject to the disciplinary and disability jurisdiction of the Supreme Court and the Commission. Likewise, each attorney is subject to the Texas Rules of Disciplinary Procedure and the Texas Disciplinary Rules of Professional Conduct.

*Crampton v. Comm'n for Lawyer Discipline*, 2016 WL 7230396, at *3 (Tex. App.—El Paso, Dec. 14, 2016, no pet.) (citations omitted).

4. On or about July 16, 2007, the State Bar of Texas initiated disciplinary proceedings against Dell James II in case no. D0120631179, styled *Commission for Lawyer Discipline v. Dell Edward James II* before an evidentiary panel of the District 6 Grievance Committee.

5. On September 15, 2009, the Evidentiary Panel entered a Judgment of Disbarment against Dell Edward James II.[13]

6. Defendants Dell Edward James II and Miki Lu James filed for relief under Chapter 7 on April 22, 2016. Mark A. Weisbart is the duly appointed Chapter 7 Trustee.

7. The State Bar of Texas Client Security Fund filed a proof of claim on June 14, 2006, listing $16,018.85, owed as a result of payments [by the Plaintiff] to a former client of Dell Edward James II after his disbarment.

8. Defendants Dell James II and Miki Lu James have listed the State Bar of Texas as a creditor relative to amounts owed in Case No. D0120631179.

The following additional material fact asserted by the Defendants[14] and supported by admissible evidence has not been controverted by any summary judgment evidence tendered by the Plaintiff and has therefore been "admitted to exist without controversy." E.D. TEX. LOCAL R. CV–56(c):

9. Dell Edward James II and Miki James were married on May 4, 2011.

The summary judgment evidence further establishes the following material facts:

10. The Judgment of Disbarment contained a factual finding that "Respondent [Dell Edward James II] failed to keep [his client] George S. Chapman reasonably informed about the status of the wrongful death claim involving Chapman's mother."[15]

---

[13] *Judgment of Disbarment* issued September 15, 2009 [dkt #28] – Plaintiff's Appendix Tab 4.

[14] *Affidavit of Dell James* [dkt #29] – Defendants' Appendix Tab 1.

[15] *Judgment of Disbarment* issued September 15, 2009 [dkt #28] – Finding of Fact ¶ 3 located in Plaintiff's Appendix Tab 4 at 2.

-5-

11. The Judgment of Disbarment contained a factual finding that "Upon conclusion of Chapman's wrongful death matter, Respondent [Dell Edward James II] failed to provide Chapman with a written statement showing the remittance to Chapman and the method of its determination."[16]

12. The Judgment of Disbarment contained a factual finding that "Upon receiving funds in which Chapman had an interest, Respondent [Dell Edward James II] failed to promptly notify Chapman."[17]

13. The Judgment of Disbarment contained a factual finding that "Respondent [Dell Edward James II] failed to promptly deliver to Chapman funds that Chapman was entitled to receive."[18]

14. The Judgment of Disbarment contained a factual finding that "Respondent [Dell Edward James II] failed to keep separate from his own funds the funds that belonged to Chapman and disbursed Chapman's funds to persons not entitled to receive them by virtue of the representation or by law."[19]

15. The Judgment of Disbarment contained a factual finding that "Respondent [Dell Edward James II] engaged in conduct involving dishonesty, fraud, deceit or misrepresentation."[20]

16. The Judgment of Disbarment contained a factual finding that "Respondent [Dell Edward James II] owes restitution in the amount of Sixteen Thousand One Hundred Eight and 85/100 Dollars ($16,108.85) payable to George S. Chapman."[21]

17. The Judgment of Disbarment required Dell James II to pay his restitution payment to George S. Chapman by delivery of the required sum to the State Bar of Texas, Chief Disciplinary Counsel's Office in Austin.[22]

---

[16] *Id.* – Finding of Fact ¶ 4.

[17] *Id.* – Finding of Fact ¶ 5.

[18] *Id.* – Finding of Fact ¶ 6.

[19] *Id.* – Finding of Fact ¶ 7.

[20] *Id.* – Finding of Fact ¶ 8.

[21] *Id.* – Finding of Fact ¶ 9.

[22] *Id.* at 5.

18. The Judgment of Disbarment contained the following decree:

> IT IS FURTHER **ORDERED** payment of the foregoing restitution . . . shall be a condition precedent to any consideration of reinstatement from disbarment as provided by Rules 2.10, 2.20 and 11.02(D) of the Texas Rules of Disciplinary Procedure.[23]

19. In light of the Defendant Dell James' failure to tender any restitution payment to George Chapman from September 2009 to February 2011, the State Bar of Texas Client Security Fund tendered a payment of $16,018.85 to the injured client, George Chapman, and was assigned all of Chapman's rights with regard to receipt of any restitution payment pursuant to the Judgment of Disbarment.[24]

In response to the Plaintiff's motion, the Defendants assert that the entry of summary judgment in favor of the Plaintiff is precluded against Mr. James and Ms. James, respectively, on different grounds.

*Cause of Action against Defendant Dell Edward James II*

Defendant Dell Edward James II first contends that the restitution award entered against him in the *Judgment of Disbarment* cannot constitute a "fine, penalty, or forfeiture payable to or for the benefit of a governmental unit" that could be rendered nondischargeable under § 523(a)(7) of the Bankruptcy Code.[25] Mr. James correctly notes

---

[23] *Id.* – Finding of Fact ¶ 9.

[24] *Id.* at CM-ECF header pp. 14-18 of 41. No explanation is provided in the record as to why the payment amount to George Chapman was lowered from $16,108.85 to $16,018.85. *The Assignment of Applicant Rights and Subrogation Agreement* merely states that "George S. Chapman will be entitled to all amounts received in excess of $16,018.85 after the Fund has received restitution in full."

[25] "Section 523(a)(7) contains three criteria, each of which a creditor must establish to prevail. The debt must be (1) a fine, penalty, or forfeiture, subject to the qualifications that (2) it is payable to and

-7-

that the Disbarment Judgment recites that he owes restitution to his former client, George S. Chapman, and it is undoubtedly true that George Chapman is an individual and not a governmental unit. Mr. James does not dispute that his former client was subsequently made whole through the auspices of the State Bar of Texas' Client Security Fund (the "CSF"),[26] that the CSF took an assignment of the restitution claim from Mr. Chapman, and that the State Bar and its CSF constitute a "governmental unit" for the purposes of the statute. However, he contends that the assessment in the Judgment was not a fine or penalty, and that the nature of the obligation must be characterized as it existed on the date of its entry. Further, Mr. James contends that the restitution award constitutes "compensation for an actual pecuniary loss" because it is pecuniary in nature and the amount matches the economic damages which his professional misconduct inflicted upon his former client, Mr. Chapman.

Under Texas Rule of Disciplinary Procedure 1.06(Z),[27] an award of restitution is

---

for the benefit of a governmental unit; (3) and is not compensation for actual pecuniary loss." *In re Thompson*, 418 F.3d 362, 365 (3d Cir. 2005) (internal quotations omitted).

[26] The Client Security Fund was established by the State Bar of Texas to provide financial relief to clients whose lawyers have stolen money intended for the client, or failed to refund an unearned fee. It "provides a means through the collective efforts of the bar to reimburse persons who have lost money or property as a result of dishonest conduct of a lawyer." TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.14 cmt. 5, *reprinted in* 3B TEX. GOV'T. CODE ANN., tit. 2, subtitl G, app. A (West 2013).

[27] Section 1.06(Z) lists eight (8) specific sanctions and then provides that:

The term "Sanction" may include the following additional ancillary requirements.

> a. Restitution (which may include repayment to the Client Security Fund of the State Bar of any payments made by reason of Respondent's Professional Misconduct); and

one of many "sanctions" that the disciplinary board (or district court) can assess based upon the circumstances of the particular case. While the precise term "fine" or "penalty" is not utilized in the statute, it is widely recognized that such precision is not required[28] and that sanctions such as civil restitution, attorneys' fees and other cost assessments that arise in attorney disciplinary proceedings are properly viewed as penalties under § 523(a)(7). *Disciplinary Bd. of the Supreme Court of Pa. v. Feingold (In re Feingold)*, 730 F.3d 1268, 1273 (11th Cir. 2013); *Richmond v. N.H. Supreme Court Comm. on Prof'l Conduct*, 542 F.3d 913, 919-920 (1st Cir. 2008) and the numerous cases cited therein. Premised upon the rationale for restitution expressed in a criminal context in *Kelly v. Robinson*, 479 U.S. 36, 51-53 (1986), which held that § 523(a)(7) created "a broad exception for all penal sanctions" and that a criminal restitution order, though payable to the criminal victim, was sufficiently penal to warrant nondischargeability under § 523(a)(7), these cases recognize that attorney disciplinary proceedings are ultimately designed to protect the public. As one court described it,

> The imposition of sanctions and costs protects the public by restricting a lawyer's right to practice law when warranted. Monetary penalties imposed

---

      b. Payment of Reasonable Attorneys' Fees and all direct expenses associated with the proceedings.

TEX. RULES DISCIPLINARY P. R. 1.06(Z), *reprinted in* 3B TEX. GOV'T. CODE ANN., tit. 2, subtitl G, app. A-1 (West Supp. 2016).

[28] The Fifth Circuit has recognized in another § 523(a)(7) context that a penalty ". . . is an elastic term with many different shades of meaning; it involves [an] idea of punishment, corporeal or pecuniary, or civil or criminal, although its meaning is generally confined to pecuniary punishment . . .[but recognizing] penalties are also sometimes imposed for civil wrongs." *Hickman v. Texas (In re Hickman)*, 260 F.3d 400, 403 (5th Cir. 2001).

against the offender, whether part of an attorney disciplinary proceeding or a criminal proceeding, promote the state's penal and rehabilitative interests.

*Attorney Grievance Comm'n v. Smith (In re Smith)*, 317 B.R. 302, 309 (Bankr. D. Md. 2004); *see also, Supreme Court of Ohio v. Bertsche (In re Bertsche)*, 261 B.R. 436, 437 (Bankr. S.D. Ohio 2000) ["*Kelly* is predicated upon the principle that the right to formulate and enforce sanctions designed to protect the public interest is an important aspect of the sovereignty retained by states"]. Thus, the imposition of a restitution sanction is sufficient to constitute a penalty for the purposes of § 523(a)(7).

Though at first glance the Defendants' argument that the restitution judgment as originally rendered was not "payable to or for the benefit of a governmental unit" may be facially appealing, one must look beyond general concepts of assignment and subrogation law, and focus instead upon the purpose of the restitution award in the context of a Texas attorney disciplinary proceeding.[29] With regard to a trial conducted before an evidentiary panel of the district grievance committee, as has occurred in this case,[30] the panel is

---

[29] If "just cause" exists to proceed on a disciplinary complaint, an attorney-respondent may elect to proceed to trial either in a state district court or by an evidentiary panel of the grievance committee within that particular state bar district. TEX. RULES DISCIPLINARY P. R. 2.15. "Just Cause means such cause as is found to exist upon a reasonable inquiry that would induce a reasonably intelligent and prudent person to believe that an attorney either has committed an act or acts of Professional Misconduct requiring that a Sanction be imposed, or suffers from a Disability that requires either suspension as an attorney licensed to practice law in the State of Texas or probation." TEX. RULES DISCIPLINARY P. R. 1.06(U).

[30] "Evidentiary panel proceedings are similar to administrative adjudications; the Chief Disciplinary Counsel has the burden to prove the attorney's misconduct by a preponderance of the evidence. If the panel determines the attorney violated one of the rules of professional conduct, it issues findings of fact and conclusions of law and determines the sanctions to be imposed, which include disbarment, suspension, probation of suspension, public or private reprimand, among others. The evidentiary panel's judgment may be appealed to the Board of Disciplinary Appeals, and the Board of

directed by the statute to impose appropriate sanctions when it finds that professional misconduct has occurred.[31] As previously stated, § 1.06(Z) of the Texas Rules of Disciplinary Procedure offers various sanction alternatives. The determination of the appropriate sanction(s) by the evidentiary panel is informed by consideration of the following enumerated factors:

(1)　the nature and degree of the professional misconduct for which the attorney is being sanctioned;
(2)　the seriousness of and circumstances surrounding the professional misconduct;
(3)　the loss or damage to clients;
(4)　the damage to the profession;
(5)　the assurance that those who seek legal services in the future will be insulated from the type of professional misconduct found;
(6)　the profit to the attorney;
(7)　the avoidance of repetition;
(8)　the deterrent effect on others;
(9)　the maintenance of respect for the legal profession;
(10)　the conduct of the Respondent during the course of the disciplinary proceedings; and
(11)　the attorney's disciplinary record.

TEX. RULES DISCIPLINARY P. R. 2.18. The designated trial court – whether an evidentiary panel or a district court – has broad discretion in evaluating the factors to determine the consequences of professional misconduct. *In re Lock*, 54 S.W.3d 305, 307 (Tex. 2001); *State Bar of Texas v. Kilpatrick*, 874 S.W.2d 656, 659 (Tex. 1994).

　　Even a cursory review of the designated considerations reveals the significant

---

Disciplinary Appeals' judgment is appealable to [the Texas Supreme] Court." *In re Allison*, 288 S.W.3d 413, 415 (Tex. 2009).

　　[31] TEX. RULES DISCIPLINARY P. R. 2.17(P). The same directive is applicable to an evidentiary proceeding before a district court. TEX. RULES DISCIPLINARY P. R. 3.09.

penal, rehabilitative and protective policies that the Texas attorney disciplinary procedures are designed to promote. That conclusion is further compelled by the fact that in this case, as in all cases of misconduct resulting in disbarment or suspension based upon a misappropriation of funds, the disciplinary rules require the fulfillment of restitution as a condition for reinstatement from disbarment or the termination of any suspension.[32] Indeed, payment of the restitution obligation is expressly required by the Judgment itself as a condition precedent to any reconsideration of Mr. James' disbarment.[33] The restitution obligation serves as a protective measure designed not primarily to remedy the impact of Mr. James' malfeasance,[34] but rather to demonstrate James' fitness to resume the proper practice of law in the event that he applies for reinstatement. The primary point of the requirement is public protection while confirming a disbarred attorney's rehabilitation prior to his readmittance to the bar.

Thus, as was true in the context of criminal restitution to a victim in *Kelly*, the significant public policies undergirding the Texas attorney disciplinary system are at

---

[32] TEX. RULES DISCIPLINARY P. R. 2.20 and 3.12; *cf. WorldPeace v. Commission for Lawyer Discipline*, 183 S.W.3d 451, 459-60 (Tex. App.–Houston [14th Dist.] 2005, pet. denied) [appropriate disciplinary body has discretion to utilize restitution as an appropriate sanction under Texas law, even when professional misconduct does not involve misapplication of funds]

[33] *Judgment of Disbarment* — Plaintiff's Appendix Tab 4 at 6.

[34] As one circuit court of appeals has observed, ". . . so long as the government's interest in enforcing a debt is *penal*, it makes no difference that injured persons may thereby receive compensation for pecuniary loss. In other words, the 'not compensation for actual pecuniary loss' phrase in § 523(a)(7) refers to the *government's* pecuniary loss." *U.S. Dep't. of Hous. & Urban Dev. v. Cost Control Mktg. & Sales Mgmt. of Virginia, Inc*., 64 F.3d 920, 928 (4th Cir. 1995) (emphasis in original); *see also, Smith,* 317 B.R. 302, 312 ["The mere fact that a penal sanction is calculated by referenced to actual costs does not, in and of itself, transform the penalty into compensation for pecuniary loss"].

stake regardless of the specific restitution recipient identified in the judgment.[35] This restitution obligation, and the discretion of the disciplinary panel to impose it, impacts far more than mere compensation for a monetary loss. To allow a bankruptcy discharge to thwart the legitimate state objectives outlined in the disciplinary scheme and to jeopardize the state's ability to protect its citizens from unscrupulous attorneys violates the sovereignty concerns expressed in *Kelly*. The general availability of a discharge under the Bankruptcy Code is not designed to interfere with Texas' efforts to provide that protection through its attorney disciplinary process. To ensure the integrity of those penal and rehabilitative objectives, the restitution obligation imposed upon Mr. James through the attorney disciplinary process can be properly characterized as payable to and for the benefit of a governmental unit that did not constitute compensation for actual pecuniary loss. The Court therefore concludes that the restitution obligation owed to the CSF by Dell Edward James II is nondischargeable under § 523(a)(7).

*Cause of Action against Defendant Miki Lu James*

As for the § 523(a)(7) count against Miki Lu James, the summary judgment record fails in its entirety to establish that the referenced restitution indebtedness is owed by Miki James to the Plaintiff, nor does it establish any ground for nondischargeability were

---

[35] Neither are these considerations negated by the fact that the CSF has remedied the damage inflicted by James upon his client and now holds the restitution claim. The sanctions statute specifically anticipates this contingency. More importantly, it is not the transfer of the restitution claim into the State's hands that carries significance. It is the recognition of the legitimate public policies that are promoted by the availability of such a sanction under the attorney disciplinary process. *See, e.g., Virginia v. Young (In re Young)*, 2017 WL 3775650 at 3-4 (Bankr. W.D. Va., Aug. 30, 2017); *Bertsche*, 261 B.R. at 438-39; *In re Phillips*, 2010 WL 4916633, at *4 (C.D. Calif., Dec. 1, 2010).

such debt to exist. The summary judgment record establishes that the respective entry dates of the disciplinary judgments against Dell Edward James II predates his marriage to Miki Lu James. Additionally, the Plaintiff failed to tender any summary judgment evidence regarding Ms. James in any respect. A plaintiff in this context must make a proper showing as against each individual debtor. There has been no showing of the existence of a debt owed by Ms. James. Further, even if she owed a liability, a debt which is nondischargeable against one spouse cannot be properly imputed to the other spouse based solely upon the existence of a marital relationship. *Tower Credit, Inc. v. Gauthier (In re Gauthier)*, 349 Fed. App'x. 943, 945 (5th Cir. 2009). Thus, in the light of the failure of the summary judgment evidence to establish Ms. James' culpability in any respect, the Plaintiff's Motion for Summary Judgment as against Debtor-Defendant, Miki Lu James, must be denied.

Accordingly, upon due consideration of the pleadings, the proper summary judgment evidence submitted by the parties, the material facts admitted to exist under Fed. R. Bankr. P. 56, the relevant legal authorities and for the reasons set forth herein, the Court concludes that, as to the Plaintiff's cause of action against Defendant Dell Edward James II, there is no genuine issue as to any material fact and that the Plaintiff is entitled to judgment against Defendant Dell Edward James, II as a matter of law. Thus, the Court concludes that the Plaintiff, the State Bar of Texas Client Security Fund, is entitled to summary judgment that the restitution debt owed to it by the Debtor-Defendant, Dell Edward James, II, should be declared nondischargeable under 11 U.S.C. §523(a)(7). The

Court further concludes that the Plaintiff's motion for summary judgment against Debtor-Defendant, Miki Lu James, should be denied in all respects. An appropriate order will be entered which is consistent with this opinion.

Signed on 10/11/2017

_____
THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE